# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**LEONARD D. YOUNG,**
**Claimant Below, Petitioner**

**FILED**

July 6, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)   No. 16-0757**  (BOR Appeal No. 2051117)
(Claim No. 2013023723)

**HUNTINGTON ALLOYS CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Leonard D. Young, by Edwin Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Huntington Alloys Corporation, by Steven Wellman, its attorney, filed a timely response.

The issue presented in the instant appeal is Mr. Young's receipt of a 1% permanent partial disability award. On September 24, 2014, the claims administrator granted Mr. Young a 4% permanent partial disability award. The Office of Judges reversed the claims administrator's decision, and granted Mr. Young a 1% permanent partial disability award in its decision dated January 29, 2016. This appeal arises from the Board of Review's Final Order dated July 15, 2016, in which the Board affirmed the Order of the Workers' Compensation Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Young injured his right knee on March 7, 2013, when his right knee rotated internally after he slipped on a water spill during the course of his employment with Huntington Alloys Corporation. He initially received conservative treatment from the on-site physician; however, following increased right knee pain, he sought emergent medical care. An MRI performed on March 19, 2013, revealed a meniscal tear in the right knee, which was

1

subsequently arthroscopically repaired. On March 23, 2013, Mr. Young's claim for workers' compensation benefits was held compensable for an unspecified sprain of the knee/leg.

On September 4, 2014, Prasadarao Mukkamala, M.D., performed an independent medical evaluation for the purpose of determining the amount of permanent impairment arising from the compensable injury. Dr. Mukkamala noted that Mr. Young was considering undergoing a right knee arthroplasty and opined that Mr. Young's need for an arthroplasty is attributable to non-compensable, pre-existing degenerative changes in the right knee. He then opined that Mr. Young sustained 4% whole person impairment as a result of range of motion abnormalities in the right knee which are attributable to the March 7, 2013, injury. The claims administrator granted Mr. Young a 4% permanent partial disability award on September 24, 2014. Mr. Young ultimately elected to undergo a right knee arthroplasty, and the procedure was performed on October 21, 2014.

Bruce Guberman, M.D., performed an independent medical evaluation on January 20, 2015. Dr. Guberman determined that Mr. Young sustained 30% whole person impairment as a result of range of motion deficits and pain present following the right knee arthroplasty. However, he attributed only 15% whole person impairment to the March 7, 2013, injury and attributed the remaining 15% to Mr. Young's significant prior history of right knee injuries, which required extensive prior treatment.

Finally, Marsha Lee Bailey, M.D., performed an independent medical evaluation on September 15, 2015. Dr. Bailey opined that Mr. Young sustained 1% whole person impairment as a result of the partial medial meniscectomy performed for the treatment of the March 7, 2013, injury. She noted that Mr. Young has an extensive history of prior right knee injuries dating to at least 1999, and opined that Mr. Young is currently experiencing range of motion deficits attributable to pre-existing osteoarthritis and degenerative joint disease. Dr. Bailey then opined that all treatment rendered after June 13, 2014, including the right knee arthroplasty, is attributable to pre-existing osteoarthrosis and degenerative joint disease, as is demonstrated by Mr. Young's extensive history of chronic, increasing right knee pain.

In its Order reversing the claims administrator's September 24, 2014, decision, the Office of Judges held that the evidence of record demonstrates that Mr. Young sustained 1% whole person impairment as a result of the compensable right knee injury. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated July 15, 2016. On appeal, Mr. Young requests that the September 24, 2014, claims administrator's decision granting him a 4% permanent partial disability award be reinstated.

The Office of Judges found that Dr. Guberman's conclusions are unreliable because Dr. Guberman provided an impairment rating for the right knee arthroplasty, which was not authorized by the claims administrator. The Office of Judges then took note of Huntington Alloys Corporation's argument that Dr. Mukkamala failed to apportion for Mr. Young's extensive history of pre-existing conditions because Mr. Young's relevant medical history was not available at the time of Dr. Mukkamala's evaluation. Finally, the Office of Judges concluded that Dr. Bailey's report in which she recommended a 1% whole person impairment rating arising

2

from the partial medial meniscectomy is the most persuasive report of record. We agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: July 6, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

**DISSENTING:**
Justice Margaret L. Workman